WARREN DAVID JOHNSON AND GAIL REANEY JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 6274-81.
United States Tax Court
T.C. Memo 1983-46; 1983 Tax Ct. Memo LEXIS 741; 45 T.C.M. (CCH) 578; T.C.M. (RIA) 83046; January 25, 1983. Warren David Johnson, pro se. Edith Siler, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of *743 General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1978 in the amount of $2,000. The only issue for decision is whether petitioners must recapture a $2,000 new residence tax credot claimed by them on their 1975 return. Petitioners resided in Northbrook, Illinois, when they filed their petition in this case. In December, 1975, petitioners purchased a condominium as a new principal residence in Weymouth, Massachusetts, for $48,490. On their 1975 Federal income tax return, they properly claimed a new principal residence tax credit of $2,000, pursuant to the provisions of section 44(a). [1]
In 1976, petitioners moved to Chicago, Illinois, and in December, 1976, they converted their condominium in Weymouth to rental property. Petitioners did not live in their condominium in Weymouth subsequent to December, 1976. *744 In October, 1978, petitioners, faced with foreclosure proceedings, gave the National Bank of North America a deed in lieu of foreclosure and the bank took possession of the property. Petitioners suffered an $11,000 loss on this transaction. Petitioners did not purchase or construct a new principal residence within eighteen months of October, 1978. Upon auditing petitioners' 1978 return, the respondent determined that they were required to recapture the new principal residence tax credit in that year. Section 44(a) allows as a credit against an individual's Federal income tax for the taxable year, an amount equal to 5 percent of the purchase price of a new principal residence purchased or constructed by the taxpayer. Section 44(b)(1) limited the credit to $2,000. Section 44(d)(1) generally provided that if the taxpayer disposed of the property on which he had been allowed the new principal residence tax credit at any time within 36 months after the date on which he acquired it as his principal residence, he would have to recapture the tax credit unless he acquired a new principal residence within the time provided for in section 44(d)(2). Section 44(d)(2), however, *745 does not apply to the facts in this case, because petitioners did not purchase another new principal residence after they disposed of the Weymouth condominium. Section 44(d)(3) provides that paragraph (1) does not apply to-- (B) a disposition of the old residence if it is substantially or completely destroyed by a casualty described in section 165(c)(3) or compulsorily and involuntarily converted (within the meaning of section 1033(a)) * * *.
Section 1033(a) provides that if property (as a result of its destruction in whole or in part, theft, seizure, or acquisition, or condemnation or threat or imminence thereof) is compulsorily or involuntarily converted into property similar or related in service or use to the property so converted, no gain or loss shall be recognized. Unfortunately for petitioners, the threatened foreclosure of their condominium as a result of which they gave the bank a deed to the condominium in October of 1978 does not fit within any of the definitions of involuntary conversion in section 1033(a) and hence section 44(d)(3)(B) is inapplicable to give them relief. [2]
*746 Because petitioners disposed of their new principal residence, on which they claimed and were allowed the new principal residence tax credit, in less than 36 months from the date of purchase of that residence, they must under the facts in this case, recapture the credit on their 1978 return. This case presents no facts which would exempt petitioners from the recapture provisions. The determination of the respondent is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1978, unless otherwise indicated.↩
2. It is unfortunate that petitioners did not retain the condominium for 2 or 3 months, i.e., more than 36 months after they purchased it, so that the recapture provision of section 44(d)(1) would not apply.↩